## Scott *versus* Noble.

| | |
|---|---|
| 72 | 115 |
| d 19 SC | 1597 |
| 72 | 115 |
| f 211 | 1477 |
| 72 | 115 |
| 214 | 393 |

1. A joint suit was commenced in Massachusetts against Grafton, a resident, who was served, and Noble, a non-resident, who was not served. The court there issued an order that the plaintiff give notice to "Noble of the pendency of the action by serving him with a copy of the order." Noble in Pennsylvania, endorsed on the order, "I accept service of this writ." *Held*, not to give the Massachusetts court jurisdiction of Noble.

2. Judgment was rendered there against both defendants. *Held* to be invalid against Noble.

October — 1872. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Allegheny county*: No. 94, to October and November Term 1871.

This was an action of debt by Martin B. Scott against Theodore Noble, commenced April 25th 1866; on the 4th of May 1867, the court permitted the name of Joseph Grafton to be added as defendant. An alias summons was issued against Grafton on the 3d of July 1867; to this writ the sheriff returned "Nihil."

The cause of action was a judgment of the Supreme Judicial Court of Massachusetts, in favor of Scott against Grafton and Noble on the 12th of May 1846, for $6363.76, besides costs.

On the 13th of September 1844, an action was commenced in the Court of Common Pleas of Suffolk county, Massachusetts, by Martin B. Scott against Joseph Grafton, of Boston, Massachusetts, and Theodore Noble, of Cleveland, Ohio, trading as Graftan & Noble, on a promissory note of the defendants to plaintiff, dated November 18th 1872, for $5368.33, and payable one day after date.

The sheriff returned that he had summoned Grafton, and that Noble "not being a resident in my precinct, and he not having

[Scott *v.* Noble.]

any agent or attorney duly accredited and known to me as such within my precinct, I could make no service on him."

On the 20th of November 1844, Graftan made an affidavit of defence, and on his application the action was removed to the Supreme Judicial Court. By the record of that court it further appears as follows :—

"COMMONWEALTH OF MASSACHUSETTS.

" *Suffolk,* ss.

"Supreme Judicial Court, March Term, A. D. 1845.

"Martin B. Scott, plaintiff, against Joseph Grafton and Theodore Noble, defendants.

"This is an action of assumpsit to recover ten thousand dollars alleged to be due to the plaintiff, from the defendants, on the 13th day of September, A. D. 1845, as set forth in plaintiff's writ of that date.

"And it appearing to the court by the suggestion of the plaintiff and on inspection of the officer's return on the plaintiff's writ, that the defendant Noble was not an inhabitant of this Commonwealth, nor resident therein at the time of the service of said writ, and that he had no last and usual place of abode, tenant, agent or attorney in this Commonwealth, known to the plaintiff or to said officer, and that no personal service of the writ has been made upon the defendant Noble :

"It is ordered by the court here, that the plaintiff give notice to the defendant Noble, of the pendency of this action, by serving him with a true and attested copy of this order, fourteen days at least before the second Tuesday of November next, that he may then and there appear and show cause why judgment in the above entitled action should not be rendered against him ; and that this action be continued from term to term until notice shall have been given to the defendant Noble agreeable to this order.

GEORGE C. WILDE, Clerk."

" On an attested copy of which order, duly certified by the clerk of said Supreme Judicial Court, the following endorsement appears :—

"I accept service of the within writ.
October 23d 1845.                    THEODORE NOBLE."

"ARMSTRONG COUNTY—*Commonwealth of Pennsylvania,* ss.

"Personally appeared before me, a justice of the peace for the county aforesaid, the above-named Theodore Noble, and acknowledged the above signature to be his.

"Given under my hand and seal this 23d day of October, A. D. 1845.                    ALEXANDER GARDNER, [L. S]."

"Thereupon the action was continued unto the November Term of said court, 1845, when the plaintiff and said Joseph Graftan

[Scott v. Noble.]

appeared; but the said Theodore Noble, although solemnly called to come into said court, did not appear but made default.

"And the action was continued unto the March Term of said court, 1846, when at the commencement of said term the plaintiff and said Joseph Graftan appeared, but afterwards, during said term, the said Joseph Graftan, although solemnly called to come into said court, did not appear, but made default.

"It was therefore considered by said court, on the thirty-second day of the term, being the 12th day of May, in the year eighteen hundred and forty-six, that the said Martin B. Scott recover against the said Joseph Graftan and Theodore Noble the sum of $6363.76 damage, and costs of suit taxed at $52.21.

"On which judgment an execution was issued on the 3d day of November 1846, which execution has not been returned into the clerk's office of said court.

"All and singular which premises we have held good by the tenor of the presents to be exemplified." * * *

On the trial April, 6th 1868, before Stowe, J., the records above stated were given in evidence.

The defendants gave no evidence.

The court charged as follows :—

"The jury are instructed pro formâ, that under the evidence in this case plaintiff is entitled to recover the amount of judgment with interest, and directed to return a verdict for that amount, subject to the questions of law raised by the several points presented by defendant's counsel, which are reserved."

A verdict was rendered for the plaintiff for $15.003.44, subject to the questions reserved.

Judge Stowe in his opinion on the reserved question, after stating the evidence as given in the case, said: * * *

"The defendant now alleges that this evidence is insufficient to authorize a verdict and judgment for plaintiff.

"1. Because the endorsement by defendant Noble upon the certified order of the Supreme Judicial Court of Massachusetts (as appears by the record above recited) did not give jurisdiction to said court over the person of Noble so as to render effectual and of force in this state the judgment rendered against him by said court.

"2. That the record shows that the court in which suit was brought did not have jurisdiction over the person of defendant so as to make the judgment valid and effectual against him in this state.

"These two reasons involve the same questions, viz. : Does this record show such a state of facts as to sustain an action in Pennsylvania against defendant Noble upon the judgment of the Supreme Court of Massachusetts ?   In other words, does this record show the court had jurisdiction over Noble, the defendant, so as

[Scott *v.* Noble.]

to render the judgment obtained against him valid and effectual beyond the limit of the state of Massachusetts?

" It seems to be settled beyond controversy that a judgment obtained against a person without notice, in a state where he has no residence, and in which he has no property during the pendency of the action, has no extra-territorial vitality—but that is not the precise case in hand. Here Noble not only had notice of the pendency of the suit, but actually accepted service of the same, in ample time before judgment, to have made defence if he had so wished.

" The question now is, did this give the Supreme Court of Massachusetts such jurisdiction over the person of Noble as makes this judgment valid as the foundation of an action in Pennsylvania.

" If the original summons, or what we may consider the same thing, this notice, had been served by the proper officer of the court of Massachusetts upon Noble in Pennsylvania, would that have given jurisdiction? Steel *v.* Smith, 7 W. & S. 448. * * * No sovereignty can extend its *process* beyond its own territorial limits, to subject other persons or property to its judicial decisions: Story's Confl. Laws; Rogers *v.* Burns, 3 Casey 527.

" The same doctrine is fully established by the Supreme Court of Massachusetts itself, in Hall *v.* Williams, 6 Pick. 240; Mills *v.* Duryee, 7 Cranch 481; Price *v.* Hickock, 39 Vt. 292. Is the case altered by reason of the acceptance of service by Noble of the notice directed to be served upon him by the court? I think not.

" The acceptance of service of a writ or notice I take to be nothing more than an assent to the service, which waives irregularities as to time and manner, but which amounts to nothing more than a proper and legal service would. It is not ever considered as equivalent to an appearance. But even assuming that the effect of the acceptance of service of the notice was substantially an agreement by Noble that the court should have jurisdiction, and so far as he was concerned, might proceed and dispose of the case without his appearance by person or attorney, I do not think this would help the matter. Even when a party is within the control of the court, consent will not give jurisdiction, nor will it give effect to a nullity. Here it is sought not only to give jurisdiction to a court by a mere inferential agreement by a party to a suit, but actually to confer upon the court of Massachusetts a right to exercise authority over a citizen of Pennsylvania, when within the jurisdiction of his own state. It is clear that this would be entirely inconsistent with the sovereignty of Pennsylvania, and therefore does not fall within the power of any individual.

" This disposes of the whole case, and renders the examination of the other questions unnecessary.

[Scott v. Noble.]

" Let judgment be entered for defendant *non obstante veredicto*, upon payment of the verdict fee."

Judgment was accordingly entered for the defendant.

The plaintiff having removed the case to the Supreme Court, assigned the entering of this judgment for error.

*D. W. Bell*, for plaintiff in error.—The exemption of a defendant from the service of a writ out of the jurisdiction of the court is a privilege which he may waive : 1 Tr. & H. 152 : Toland v. Sprague, 12 Pet. R. 300 ; Gracie v. Palmer, 8 Wheat. 605 ; Flanders. v. Ætna Insurance Co. 3 Mason 158. Consent may give jurisdiction of *parties :* Walker v. Rogers, 1 Wisc. 597 ; Gilliland v. Sellers, 2 Ohio (N. J.) 223.

*H. Burgwin*, for defendant in error.—The defendant or his estate must be within the jurisdiction of the court : Lawrence v. Smith, 5 Mass. R. 362 ; Tappan v. Bruen, Id. 193 ; Nye v. Liscomb, 21 Pick. 263. A sovereignty cannot extend its process beyond its territory : Story's Confl. Laws 14, sect. 539 ; Steel v. Smith, 7 W. & S. 447 ; Rogers v. Burns, 3 Casey 525 ; Bissell v. Briggs, 9 Mass. 462 ; Hall v. Williams, 6 Pick. 232. Serving notice without state limits does not give jurisdiction ; Price v. Hickock, 39 Vt. 292 ; Woodward v. Tremer, 6 Pick. 354. The acceptance of service had no more effect than actual service would have had : Arnold v. Frastellot, 13 Pick. 172. Nullities having never possessed any validity cannot be cured : Carlisle v. Weston, 21 Pick. 535 ; Vanderpoil v. Wright, 1 Cow. 269 ; Francis v. Sitts, 2 Hill 262.

The opinion of the court was delivered, November 14th 1872, by READ, J.—This case was rightly decided by the learned judge in the court below. Joseph Graftan and Theodore Noble, copartners, under the name of Graftan & Noble, of Cleveland, Ohio, gave their promissory note to Martin B. Scott, of the same place, dated November 18th 1842, payable one day after date. On this note Martin B. Scott commenced suit in the Court of Common Pleas in Boston, Massachusetts. The writ was directed to the sheriff, who was commanded to attach goods or estate of defendants, and for want thereof to take the bodies of said Graftan and Noble, and have them before the justices of the said court. The sheriff returned that he had attached a chip as the property of Graftan, and left a summons for him at his last and usual place of abode in Boston, to appear in court, and September 17th 1844, he returned that Theodore Noble was not a resident of his precinct, and had no known agent, and could not be served. Upon the affidavit of Graftan, this action was removed to the Supreme

Judicial Court at Boston.   Graftan appeared, and in March Term 1845, on motion of the plaintiff Scott, it appearing by inspection of the record, that defendant Noble was not an inhabitant of the Commonwealth nor resident therein at the time of the service of the writ, and had no place of abode or agent therein, and that no personal service of the writ has been made upon him, the court ordered the plaintiff to give notice to defendant Noble of the pendency of the action, by serving him with a true and attested copy of the order that he might appear and show cause why judgment should not be rendered against him in this action.   On an attested copy appears this endorsement: "I accept service of the within writ, Theodore Noble," he then living in Pennsylvania.

On the 12th May 1846, judgment was entered against Joseph Graftan and Theodore Noble, in default of an appearance, for $6363.26 damages and costs of suit, &c.   The present suit is upon this judgment.

It was a valid judgment against Graftan, but not against Noble, who was not a citizen or inhabitant of Massachusetts ; had no estate or property therein, nor was at any time before or during the pendency of the suit within the state.   In Reel *v.* Elder, 12 P. F. Smith 315, my brother Sharswood says : "Nor did the evidence given of the notice of the pendency of the proceeding, admitting that it was served on the plaintiff, make any difference ; for in the language of the opinion (by Justice Agnew) in Colvin *v.* Reed, 5 P. F. Smith 375, 'back of it lies the want of power of the distant state to subject her to its jurisdiction'—clearly when it is once determined that a court has no jurisdiction.   Notice, or even process duly served, cannot give vitality to the judgment it may pronounce. It is null and void, at least as to any extra-territorial effect."   In addition to the authorities cited by the learned judge in the court below, Judge Fletcher said in Phelps *v.* Brewer, 9 Cushing 395 : "It is a matter too well settled to admit of discussion, that when a party is not within the jurisdiction, and is not served with process, and does not voluntarily appear to answer to the suit, by himself or his attorney, the judgment cannot be enforced against him out of the local jurisdiction.   This point has been fully and repeatedly decided by this court, and since the institution of this suit has been directly adjudged by the Supreme Court of the United States."   In Bischoff *v.* Wethered, 9 Wall. 312, in a count on a judgment in the Court of Common Pleas at Westminster Hall, in England, the evidence was an exemplified copy of a judgment recovered against the defendant in the said Common Pleas, without any service of process on him, or any notice of the suit, other than a personal notice served in the city of Baltimore, Mr. Justice Bradley said, "as to the first point raised, to wit, the effect of the proceeding in the Common Pleas, Westminster Hall, it is enough to say that it was wholly without jurisdiction of the person,

and whatever validity it may have in England, by virtue of statute law against the property of the defendant there situate, it can have no validity here even of a primâ facie character. It is simply null."

Judgment affirmed.