## Wells v. Wells.

*Divorce—Decree in another state—Decree without notice to respondent—Custody of children—Act of June 26, 1895.*

1. A decree of divorce entered in another state and giving the custody of children to the libellant is not binding as to the custody of the children, where it appears that no actual service of process was made on respondent, and that both he and the children were living in Pennsylvania when the decree was enterd.

2. Children should not be separated, especially where they desire to reside with their father, who is competent to support them and is a proper person to take care of them.

3. In *habeas corpus* proceedings under the Act of June 26, 1895, P. L. 316, to determine which parent shall have the custody of minor children, eleven and twelve years of age, the court will take into consideration the fitness of the parents and the best interest and permanent welfare of the children.

*Habeas corpus* for custody of children. C. P. Delaware Co., June T., 1925, No. 1437.

*E. E. Weest,* for relator; *W. C. Alexander,* for respondent.

FRONEFIELD, J., Oct. 24, 1925.—Ira Wells, twelve years of age, and Helen Wells, about eleven years of age, for the possession of whom this writ is brought, are the children of the relator and the respondent. The result of the testimony of about twenty witnesses called to testify is substantially that the parents of these children were married in the State of Delaware in 1912 and resided there together until October, 1922, at which time the relator left the respondent, taking with her their daughter Helen, and leaving with her husband their son Ira. The respondent then came into Delaware County with their son and is now working in Marcus Hook. The relator, when she left her husband, took their daughter to her parents on a farm in Delaware,

where they resided until January, 1924, when the respondent went to Delaware and took their daughter out of school and brought her to Chester, where she has since been living with Ira, her brother. At the time she was taken from school by her father she cried, and tried to stay in Delaware, but, as usual, now desires to be with the parent in whose custody she has been.

The respondent alleges that the relator left him because she told him that she loved another man; the relator denies this, but makes no real explanation of why she did leave.

The daughter, while living with her grandparents in Delaware, was for a great part of the time not under the care of her mother, who was at work away from her home; the grandparents, however, gave her good attention during that time. The public school attended by the daughter is two miles from her then residence, which distance she walked, except on stormy days, when she was taken to school.

Witnesses called by the relator testify that she and her parents are proper persons to care for both of the children, and that they have ample financial means to do so.

The relator offers a certified copy of a decree nisi in divorce, entered June 29, 1925, not to become final until one year after its entry, in which the Superior Court of Delaware, in Sussex County, in addition to decreeing a divorce nisi, decrees that the relator in this proceeding be given the sole care and maintenance of these two children, which decree shows that the respondent in the proceeding was not served with notice.

The children are now together in Chester in their father's custody and control, under the direct care of Mrs. Houston, who is highly recommended by the Probation Officer of the Juvenile Court and by others, and whose home and home life are of the best; they are going to a good school in the immediate neighborhood of their residence; their father visits them about every other day and takes them out driving almost every Sunday. They are properly and fully cared for. The respondent has had Ira since the separation in October, 1922, and has had Helen since January, 1924, and is fully able financially, and desires, to continue the custody of both children; he shows great interest in them and in their welfare and shows great love for them.

Witnesses called by the respondent testify that he is a proper person to care for them.

The children themselves state their preference to live with and under the control of their father, giving some reasons therefor, amongst which is that when they were living with both parents their mother went out at nights, leaving them alone in the house.

Under the Act of June 26, 1895, P. L. 316, it is provided that the court shall decide as to which parent, if either, the custody of such child shall be committed, and shall remand such child accordingly, regard first being had to the fitness of such parent and the best interest and permanent welfare of said child.

The children should not be separated; their own desire is to remain with their father (Com. ex rel. v. Sage, 160 Pa. 399-407; Com. v. Miller, 84 Pa. Superior Ct. 409); they are being educated in the schools of a city; being cared for in a very good home, under the constant attention of their father, of whose fitness there is no real question.

As against this, they have been separated with the mother's consent; the son has been living with his father since the separation, the daughter since January, 1924; they will have a good home with their maternal grandparents, with their mother away from home at work a great part of the time;

educated at a school to which they are obliged to daily walk two miles each way.

The court of the State of Delaware had no extraterritorial power to bring the respondent or the children within its jurisdiction by advertised notice: Steele v. Smith, 7 W. & S. 447; Scott v. Noble, 72 Pa. 115; Pennoyer v. Neff, 95 U. S. 714; Wallace v. United Electric Co., 211 Pa. 473; Martin v. Martin, 214 Pa. 389.

The decree in June, 1925, of the Superior Court of the State of Delaware in the divorce proceedings, awarding to their mother the custody of these children, when the children and the respondent had all been living in the State of Pennsylvania since January, 1924, has in Pennsylvania no binding force on the respondent, because no actual service of process was made on him: Atherton v. Atherton, 181 U. S. 155.

Without notice, nothing but the dissolution of the marriage relation will be binding in any other state than the one in which the decree is entered: Van Storch v. Griffin, 71 Pa. 240.

The court will, therefore, remand the children to the custody of their father, John H. Wells, under the following decree, with permission to their mother, Naomi E. Wells, to petition the court for an order to see the children at stated intervals, which order will be made after notice to the respondent and a hearing.

### Decree.

And now, to wit, Oct. 24, 1925, after taking testimony and hearing arguments of counsel, and upon due consideration of the foregoing matter, regard first being had to the fitness of the parent in whose custody Ira Wells and Helen Wells are now committed, and to the best interest and permanent welfare of said children, it is now ordered, adjudged and decreed that the custody of said Ira Wells and Helen Wells be committed to their father, John H. Wells, to whom the children are remanded.

From A. B. Geary, Chester, Pa.